IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                        **CASE NO.  4:07CR00366JMM**

**MICHAEL GAVIN**

## ORDER

Pending are Defendant's motions to dismiss the indictment.  (Docket #'s 4 and 17).  The government has responded.

On April 4, 2007 the defendant was indicted by a grand jury in a one count Indictment charging him with aiding and abetting of and kidnapping of Michele Schreck on or about November 26, 2005.  On April 26, 2007, the defendant appeared before United States Magistrate Judge John F. Forster, Jr. and entered a plea of not guilty.  On the same date, an Order to Lodge Detainer was filed, which ordered the United States Marshal Service to detain the defendant.  On May 23, 2007, the defendant filed a motion to continue.  The Court entered an Order granting the defendant's motion to continue on June 18, 2007 resetting the case for trial on November 13, 2007 and finding that the "interest of justice [was] served by granting the continuance".  The Court excluded the time from May 29, 2007 until November 13, 2007.  On October 29, 2007 the court continued the defendant's trial until November 28, 2007.  On November 30, 2007, an Order was entered dismissing the Indictment against the defendant.  On December 5, 2007, the defendant was indicted in a two count Indictment charging him with aiding and abetting of and kidnapping of Michele Schreck and witness tampering.

The defendant argues that the original indictment should be dismissed with prejudice because he was not tried within 180 days of the lodging of the detainer as required by the

Interstate Agreement on Detainers Act (IAD), 18 U.S.C. app. 2, §§1-9.  The IAD provides that when a defendant is in custody and indicted in another jurisdiction for an offense that causes a detainer to be placed on him, the other offense must be tried within 180 days of the prisoner's written request for disposition, 18 U.S.C. app. 2, § 2 art. III(a).  *United States v. McKay*, 431 F. 3d 1085, 1091 (8th Cir. 2005).  The defendant argues that he made written request for a speedy trial as early as May 7, 2007.  The government contends that the defendant failed to make a written request.  Accepting the defendant's argument as true, the Court finds that the 180 day time period has not run.  The IAD contains a tolling provision which permits the court to grant "any necessary or reasonable continuance" for good cause.  18 U.S.C. app. 2, art. III(a) & IV(c).  In the Court's June 18, 2007 Order granting the defendant's motion to continue, the Court excluded the time period from May 29, 2007 until November 13, 2007 finding the interest of justice served by the continuance.  Thus, only 39 days have passed.  ( May 7, 2007 to May 29, 2007 plus November 13, 2007 - November 30, 2007).  Accordingly, Defendant's motion to dismiss the original indictment is denied.

Further, the defendant's motion to dismiss the subsequent indictment is denied as the government may, with leave of court, pursuant to Fed. R. Crim. P. 48(a), dismiss an indictment. Fed. R. Crim. P. 48(a) is regularly interpreted to mean that a "dismissal of an indictment at the request of the government prior to trial does not bar subsequent prosecution for criminal acts described in that indictment." *DeMarrias v. United States*, 487 F. 2d 19 (8th Cir. 1973).  The dismissal occurred before jury selection and there is no evidence to suggest that the government sought the dismissal in bad faith.

Wherefore, Defendant's motions to dismiss the indictment are denied.

IT IS SO ORDERED this 2nd day of January, 2008.

                                                                       James M. Moody
                                                                       United States District Judge