**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**V.**                                    **NO: 4:07CR00366-01**

**MICHAEL JOHN GAVIN**                                              **DEFENDANT**

**COURT'S
SENTENCING MEMORANDUM**

Defendant, Michael John Gavin, was charged in a two count indictment.  Count one

charged him with kidnaping, a violation of 18 U.S.C. §1201(a) and 2.  Count two charged him

with witness tampering, a violation of 18 U.S.C. §1512(a)(2)(A).  The case was tried to a jury

January 28 through February 1, 2008.  At the conclusion of the jury trial, the defendant was

found not guilty of count one of the indictment and guilty of count two of the indictment.

A sentencing hearing was begun on September 5, 2008 wherein the Court found the

defendant's base offense level to be 27 pursuant to U.S.S.G. § 2A2.1(a)(2).  Pursuant to U.S.S.G.

§ 4B1.1, the defendant was found to be a career offender as the defendant was 34 years old at the

time of the offense, the defendant was convicted of witness tampering and he had two prior

felony convictions of crimes of violence.  However, the offense level for the offense in this case

is greater than the offense level provided by U.S.S.G. § 4B1.1(b)(E), therefore the offense level

for the offense would apply. Defendant's criminal history score was found to be 21.

Based on a total offense level of 27 and a criminal history category of VI, the guideline

imprisonment range is 130 to 162 months. The statutory term of imprisonment is not more than

10 years.

In determining the sentence to impose, the Court must also consider the factors set forth

in 18 U.S.C. §3553(a).  The Court is to impose a sentence sufficient, but not greater than

necessary, to comply with the purposes set forth in paragraph (2) of the statute, and must

consider the following:

    (1) the nature and circumstances of the offense and the history and characteristics
of the defendant;

    (2) the need for the sentence imposed--

        (A) to reflect the seriousness of the offense, to promote respect for the law, and
to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most
effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for--

        (A) the applicable category of offense committed by the applicable
category of Defendant as set forth in the guidelines--

            (i) issued by the Sentencing Commission pursuant to section
994(a)(1) of title 28, United States Code, subject to any
amendments made to such guidelines by act of Congress
(regardless of whether such amendments have yet to be
incorporated by the Sentencing Commission into amendments
issued under section 994(p) of title 28); and

            (ii) that, except as provided in section 3742(g), are in effect on
the date the defendant is sentenced; or

        (B) in the case of a violation of probation or supervised release, the applicable
guidelines or policy statements issued by the Sentencing Commission pursuant
to section 994(a)(3) of title 28, United States Code, taking into account any
amendments made to such guidelines or policy statements by act of Congress
(regardless of whether such amendments have yet to be incorporated by the
Sentencing Commission into amendments issued under section 994(p) of title 28);

2

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under Section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553.

Applying these factors to this case, the court finds that the guideline imprisonment range of 130 to 162 months is greater than necessary to achieve a just sentence.  The court must consider the appropriate punishment in light of the fact that Congress has chosen ten years as the maximum punishment authorized for the most egregious conduct under this statute. In this case the threat for which the defendant was convicted was contained in a letter written by the defendant while he was incarcerated.  The evidence revealed that after learning that a fellow inmate was prepared to testify against the defendant, the defendant wrote a letter to a former inmate in which he identified the witness, and stated, "let everyone know" and included the statement "this s- - is not over."  Considering the nature of the threat and the inability of the defendant to carry out retribution, the Court finds that the maximum punishment authorized by Congress would not be appropriate in this case.  Additionally, the defendant's criminal history reflects criminal behavior consistent with a vagrant and substance abuser as opposed to a violent

offender.  Accordingly, based upon the nature and circumstances of the offense and the history

and characteristics of the defendant, the Court finds that a sentence of two years consecutive to

the undischarged term of imprisonment in the State of Arizona more appropriately reflects the

seriousness of the offense; is sufficient to promote respect for the law and provide punishment

for the offense and  affords adequate deterrence to criminal conduct.

The Court has received several letters from family who support the defendant and

indicate that the defendant can return to the family where possible employment opportunities

exist upon completion of his sentence. Further, the defendant has taken the opportunity to

participate in numerous classes reflecting his efforts at rehabilitation.  In light of these factors,

the Court does not find the need to impose a lengthy sentence to protect the public or to provide

the defendant with needed educational or vocational training.  No restitution needs exist and

considering the isolated and unique circumstances under which this crime occurred, the Court

finds the need to avoid unwarranted sentencing disparities is not a factor in this case.

Considering the advisory guideline range in addition to the section 3553 factors, the

Court finds a sentence of two years imprisonment to run consecutively to any undischarged state

sentence sufficient and just.

Dated this 29th  day of September, 2008.

James M. Moody
United States District Judge

4