**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                              No. 4:07CR00366 JMM

**MICHAEL GAVIN**

**ORDER**

Pending are Defendant's *pro se* motions for sentence reduction and to preserve evidence. (Docket #'s109 and 110). The government has responded.

On February 1, 2008, a jury convicted Michael Gavin ("Gavin") of witness tampering, in violation of 18 U.S.C. §1512(a)(2)(A). On September 29, 2008, Gavin was sentenced to 24 months imprisonment. Gavin appealed his conviction and the Eighth Circuit Court of Appeals upheld his conviction. *United States v. Gavin*, 583 F.3d 542 (8th Cir. 2009).

Defendant requests that the Court direct the Clerk to require numerous individuals, departments and agencies to preserve any and all information relevant to his case and to direct the Clerk to copy all of this information and compile one file for future proceedings. The Court finds no authority or justification for such an order.

Gavin also requests that the Court reduce his sentence because the State of Florida has filed a detainer with the Bureau of Prisons based upon a pending state revocation charge existing against him. Gavin claims that this detainer prevents him from serving time in a half-way house. A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. *United States v. Mendoza*, 118 F.3d 707 (10th Cir. 1997). 18 U.S.C. § 3582(c) provides three jurisdictional grants under which a court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in

certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." All three provisions are inapplicable in this case. Further, the Court's sentence of 24 months imprisonment in the Bureau of Prisons provided no guarantee of half-way house placement.

Accordingly, Defendant's motions, docket #'s 109 and 110 are DENIED.

IT IS SO ORDERED this 27th day of January, 2010.

_____
James M. Moody
United States District Judge