**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MICHAEL GAVIN                                                                                      PETITIONER

V.                          CASE NO.      4:07CR00366JMM
                                          4:10CV00315

UNITED STATES OF AMERICA                                                             RESPONDENT

**ORDER**

Petitioner was first indicted on April 4, 2007 on charges of kidnapping, in violation of 18 U.S.C. §1201(a)(1) and (2). On the eve of trial, the indictment was dismissed due to a technical defect. On December 5, 2007, the grand jury re-indicted Petitioner for kidnapping and added a count of witness tampering, in violation of 18 U.S.C. §1512(a)(2)(A). Following a five day trial, the jury returned a verdict on February 1, 2008 acquitting the Petitioner on Count One, kidnapping, and convicting the Petitioner on count Two, witness tampering. On September 29, 2008, Petitioner was sentenced to twenty-four months in the Bureau of Prisons to be followed by three years of supervised release and a one-hundred dollar special assessment. Petitioner submitted a timely notice of appeal.

On appeal, Petitioner argued violation of his Fifth and Sixth Amendment rights because the indictment used Section 1512(b)(1)'s language, while referencing Section 1512(a)(2)(A). Petitioner also argued that the jury instructions, in addition to the submitted evidence amounted to a constructive amendment of the indictment. Finally, the Petitioner claimed that the evidence was insufficient to sustain a conviction under either Section 1512(b)(1) or Section 1512(a)(2)(A). The Eighth Circuit Court of Appeals affirmed the conviction. *United States v. Gavin*, 583 F.3d

542 (8th Cir. 2009).

On April 30, 2010, Petitioner filed a motion, pursuant to 28 U.S.C. §2255, to vacate, set aside or correct sentence. As grounds for relief, he claims ineffective assistance of counsel, based upon counsel's: (1) failure to object to the jury instructions; (2) failure to call witnesses; (3) allowing certain evidence to be admitted; (4) failure to file an alibi, and (5) failure to file a motion with the district court following trial. (Docket # 121).

Petitioner also raises claims relating to the amended indictment, alleging that the evidence does not support the conviction and that his right to free speech was violated. These arguments were addressed on direct appeal and cannot be re-litigated herein. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001), *cert. denied*, 534 U.S. 1083 (2002)("Issues raised and decided on direct appeal cannot ordinarily be re-litigated in a collateral proceeding based on 28 U.S.C. § 2255.").

Petitioner asserts the following additional grounds for relief: (1) speedy trial violation; (2) violation of the Interstate Agreement on Detainers Act; (3) classification of witnesses; (4) entrapment (5) prosecutorial misconduct, and (6) malicious prosecution[1]. The Eighth Circuit has specifically noted that "[s]ection 2255 motions are no substitute for appeal, and normally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir.1987) (*citing Kaufman v. United States*, 394 U.S. 217 (1969)). A defendant procedurally defaults a

---

[1] Petitioner also raises as "additional grounds" for relief, violations of his 5th and 6th amendment rights and "violation of grand jury protection" arguing that he was convicted of a crime for which he was not indicted. These issues were raised and decided on direct appeal and cannot be re-litigated herein.

claim when he fails to raise it at sentencing or on direct review. *See Johnson v. United States*, 278 F.3d 839, 844 (8th Cir.2002). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Petitioner failed to present any facts demonstrating either cause or prejudice. In order to establish a valid claim of actual innocence, Petitioner must show factual innocence, not simply legal insufficiency of the evidence to support the conviction. *McNeal v. United States*, 249 F.3d 747 (8th Cir. 2001). This is a strict standard and "generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense]." *Id.* at 749-50. Petitioner failed to make a showing of factual innocence. Here, the Eighth Circuit Court of Appeals found the evidence sufficient to support the jury's findings, additionally, Petitioner offers no evidence or argument to support his general assertion that he is innocent of the crime for which he was convicted. Petitioner's general denial of guilt is insufficient to establish a valid claim of actual innocence.

To prove his claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To show prejudice, Petitioner must demonstrate a reasonable probability that the outcome of the trial would have been different but for the deficient performance. *Malcom v. Houston*, 518 F.3d 624, 626 (8th Cir.2008). A reasonable probability is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it

is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir.2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies." *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir.2002) (*citing Strickland*, 466 U.S. at 697). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

As set forth herein, Petitioner raised the following arguments in support of his ineffective assistance of counsel claim: (1) failure to object to the jury instructions; (2) failure to call witnesses; (3) allowing certain evidence to be admitted; (4) failure to file an alibi, and (5) failure to file a motion with the district court following trial.

The Court finds that Petitioner has failed to demonstrate prejudice as a result of these alleged deficiencies. As to Petitioner's claim that he was prejudiced by his counsel's failure to object to the jury instructions, the Eighth Circuit Court of Appeals found that the jury heard "substantial evidence showing Gavin yelled out Hoskinson's name in the jail, wrote fellow inmates telling them of Hoskinson's betrayal, and of Hoskinson's fear for his safety. The government also presented testimony from which the jury could find a risk of assault for jailhouse snitches." *United States v. Gavin*, 583 F.3d at 547. The Court found that there was "no showing that the error in the instructions 'affected [Gavin's] substantial rights' or 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *Id*. (citations omitted). The Court concluded, and this Court agrees, "[t]here is no reasonable probability Gavin would have been acquitted under the correct jury instruction." *Id.* Accordingly,

Petitioner failed to demonstrate that this alleged error by counsel, even if professionally unreasonable, had an effect on the judgment.

Next, Petitioner argues that his counsel was deficient for failing to call witnesses, for allowing the letter to be admitted and for failing to file an alibi. "The decision not to call a witness is a virtually unchallengeable decision of trial strategy." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir.2005) (internal marks and cited cases omitted); *see also Bowman v. Gammon*, 85 F.3d 1339, 1345 (8th Cir.1996) (noting that under *Strickland*, "decisions related to trial strategy are virtually unchallengeable"), *cert. denied*, 520 U.S. 1128 (1997). Petitioner does not name any witnesses who should have been called or offer affidavits or proof of testimony that would have been offered by other trial witnesses. He fails to provide a basis for objecting to the letter exhibit or evidence or argument to support an alibi. Further, in light of the substantial evidence supporting the conviction as noted by the Eighth Circuit Court of Appeals, Petitioner's allegations do not give rise to a reasonable probability that the alleged deficiencies would have changed the outcome of the trial.

Petitioner contends that his counsel was deficient for failing to file a post trial motion with this Court. The Court finds that even if Petitioner's counsel had filed a motion for a new trial, Petitioner suffered no prejudice as the Court would have denied the motion. *See Theus v. United States*, 611 F.3d 441 (8th Cir. 2010).

The Court concludes that an evidentiary hearing is not required in this matter. The record conclusively shows that Petitioner is not entitled to the relief he seeks. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle

the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket #121) is denied .

IT IS SO ORDERED this 13th day of June, 2011.

/s/ James M. Moody
James M. Moody
United States District Judge